1 CIT ESERVE Case 3:21-cv-02290-X   Document 1-3   Filed 09/27/21   Page 1 of 7   PageID 9

FILED
7/16/2021 9:04 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Angie Avina DEPUTY

CAUSE NO. DC-21-09254

| | | |
|---|---|---|
| CONCRETE HOLDINGS & SERVICES, LLC d/b/a C&C CONCRETE PUMPING, | § § § § | IN THE DISTRICT COURT |
| Plaintiff. | § § § | 44th  DISTRICT COURT |
| v. | § § | |
| MIK TECH, LTD. d/b/a KCP CONCRETE PUMPS, | § § | DALLAS COUNTY, TEXAS |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Concrete Holdings & Services, LLC d/b/a C&C Concrete Pumping, as Plaintiff, complaining of and against MIK Tech, Ltd., d/b/a KCP Concrete Pumps, and would respectfully show this Court the following:

### I.

### DISCOVERY LEVEL

Plaintiff alleges that discovery should be conducted in this case pursuant to Rule 190.4 (Level 3) of the Texas Rules of Civil Procedure.

### II.

### PARTIES

1. Plaintiff is an entity that maintains and operates a facility in Grand Prairie, County of Dallas, Texas.

2. Defendant is a foreign entity (a Canadian corporation) having its principal place of business at 201-5769 Production Way, Langlew, British Columbia, Canada V3A 4N5. Upon information and belief, this entity has done business in the past in the State of Texas, including

Dallas County, Texas. At the time that the Defendant engaged in the actions and conduct discussed below it knew that the Plaintiff worked on projects in a number of states, including Texas, and that it was possible – and even likely – that the equipment at issue would be used by the Plaintiff during its course of operations in and around Dallas County, Texas. It was foreseeable to the Defendant that the equipment at issue would be used/operated by Plaintiff in the State of Texas and, more specifically, in and around Dallas County, Texas. Upon information and belief, this Texas court can lawfully exercise jurisdiction over this Defendant because doing so would be proper under the Texas long-arm statute and would be consistent with federal and state due-process guarantees. This Defendant has, upon information and belief, established meaningful contacts with the State of Texas that would justify this Court's exercise of jurisdiction over it in this case. State another way, this Defendant has, upon information and belief, purposely availed itself of the privilege of conducting business activities within Texas, and its contacts with Texas give rise to either specific or general jurisdiction. This Defendant can be served with process in this action in accordance with Hague Convention by serving any of its officers at 201-5769 Production Way, Langley, BC, Canada, BC V3A 4NS.

### III.

### JURISDICTION AND VENUE

Jurisdiction and venue are proper in this District Court of Dallas County, Texas because the facts, circumstances, and damages giving rise to the claims set forth below arose/accrued in Dallas County, Texas. The Plaintiff is seeking to recover damages in this case exceeding the sum of $1,000,000, which is within the jurisdictional limits of this Court.

## IV.

## **RELEVANT BACKGROUND FACTS**

1. In January 2016 Plaintiff entered into a written agreement with Defendant to purchase one (1) new truck/chassis and one (1) new KPC concrete pump in exchange for payment totaling the sum of $850,000.

2. Plaintiff took possession of this equipment and began using it. Plaintiff first began experiencing what were later identified as being notable structural deficiencies and design problems with this equipment in 2018. These problems continued through December 2019.

3. When these problems would arise, the Defendant would instruct the Plaintiff to have a third party chosen by Defendant (that Defendant had an existing relationship with) do the needed repair work. Additionally, and importantly, the Defendant exercised direct, actual control over how this third party performed these repairs by (by, among other things, specifying what specific repairs were to be made, and how these repairs were to be made pursuant to written repair procedures created by the Defendant). Defendant paid this third party for repairs made (after they were made).

4. On December 7, 2020 one of Plaintiff's operators was using the above-referenced equipment at a project located in Grand Prairie, Dallas County, Texas when the concrete pump truck rollover event occurred, resulting in damages to the concrete pump and truck chasis. More specifically, the Plaintiff's operator was pumping concrete when he (and his crew) heard a "pop". The operator and his crew then noticed that the concrete boom (which had been extended completely out and over the unit's left front outrigger) was descending towards the ground, and that the front left outrigger was crushed against the cab. The operator then saw that the left rear outrigger of the unit had slipped off the dunnage and had dug into the ground approximately two (2) feet.

5. Plaintiff's operator also noticed diesel fuel leaking from the diesel tank and the diesel filter at the engine of the Unit.

6. Plaintiff's operator also noticed hydraulic oil leaking from the Unit's hydraulic tank.

7. Plaintiff's operator shut the unit off after noticing the above-referenced diesel and hydraulic oil leaks.

8. Plaintiff's representatives tried starting the Unit's engine again, but the engine would not turn over.

9. After learning that the unit's engine would not turn over, Plaintiff's representative removed all remaining concrete from the Unit's hopper and blew out the Unit's boom and deck line with compressed air.

10. Plaintiff's representative inspected the truck and noticed that: (a) the truck frame was bent behind the cab; and (b) the transmission and bell housings were cracked.

11. In the Spring of 2021 the Plaintiff retained a metallurgical engineering service to inspect the damaged pump truck. On April 21, 2021 this consultant created a written Failure Analysis Report. In summary, this Report concludes that certain pre-existing fractures/fatigue cracks existed, that certain failed original welds, specifically "Frame section B1" and weldment defects, existed that (singularly or in combination) created the stress concentrations that were "set up for failure when combined with operational loads", and that these and other matters are suggestive of a defective "design issue". Until the December 7, 2020 incident described above occurred, and until the metallurgical engineering service performed the inspection discussed above, Plaintiff did not know – and could not have reasonably known (or discovered) – the existence of the defects discussed above. Accordingly, Plaintiff pleads applicability of the discovery rule.

12. The Plaintiff has not been able to use the equipment at issue since December 7, 2020, and has sustained significant economic damages, including lost revenues, as a result of the failures described in the attached Report, for with Plaintiff now sues.

V.

**CAUSE OF ACTION COUNT I:  STRICT LIABILITY/DESIGN DEFECT**

13.     Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth at length herein.

14.     When the pump at issue left the control of the Defendant certain defects in the design of the pump rendered it defective and unreasonably dangerous, taking into consideration the utility of the pump and the risk involved in its use.

15.     At the time that this pump left the control of the Defendant safer alternative designs existing for the pump, which were economically and technologically feasible and would have prevented or significantly reduced the risk of injury to users of the pump, including Plaintiff, without impairing the effectiveness of the pump.

16.     Plaintiff used the pump in question for its intended use and foreseeable purpose.  At the time of the December 2020 incident discussed above the pump was in substantially the same condition as it was in at the time that it was placed (by Defendant) into the stream of commerce.  No material, unforeseeable alterations were made to the pump, and the pump was in the same or substantially similar condition as when it left the control of the Defendant.

VI.

**CAUSE OF ACTION COUNT II:  BREACH OF CONTRACT**

17.     Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth at length herein.

18.     Plaintiff and Defendant entered into a valid, written agreement relating to the Defendant's sale of, and the Plaintiff's purchase of, the pump.  Under the terms of this Agreement, Defendant represented that this pump was new when sold, and agreed to warrant the structural unit of the pump for three (3) years from the date of delivery.

19.     As detailed in Exhibit "A", the pump was not structurally sound. Instead, it was defective, directly causing the damages at issue.

20.     The failure/refusal of the Defendant to provide a structurally-sound pump to the Plaintiff constitutes a material breach of contract, for which Plaintiff now sues, to the full extent of the law. This includes recovery of all actual damages sustained, all reasonable and necessary attorney's fees incurred, pre-judgment and post judgment interest at the highest rates permitted by law, and all taxable costs of court.

## VII.

### CAUSE OF ACTION COUNT III:  NEGLIGENCE

21.     Plaintiff realleges and incorporates the facts and allegations set forth above as if they were fully set forth at length herein.

22.     At the time that the Defendant sold the pump at issue to the Plaintiff the Defendant owed a legal duty to the Plaintiff to deliver a structurally-sound pump.

23.     By failing/refusing to do so, the Defendant breached this duty.

24.     This breach has proximately caused the Plaintiff economic injury, for which it now sues to the fullest extent of the law. This includes recovery of all actual damages sustained, exemplary damages in an amount deemed just and proper by the trier of fact, pre-judgment and post judgment interest at the highest rates permitted by law, and all taxable costs of court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Concrete Holdings & Services, LLC d/b/a C&C Concrete Pumping respectfully prays that this Original Petition be received and filed and, upon final trial of this cause, that Plaintiff have recover judgment from and against Defendant for the relief prayed for herein and for such further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/ HOWARD J. KLATSKY*
**HOWARD J. KLATSKY**
State Bar No. 00786024
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

972-980-3282
972-934-9200 [Fax]

**ATTORNEYS FOR PLAINTIFF
CONCRETE HOLDINGS & SERVICES, LLC d/b/a
C&C CONCRETE PUMPING**